IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TECHNOLOGY REVELATIONS, INC., d/b/a, TECHREV

Plaintiff,

v.

PERATON, INC., *et. al.*

Defendants.

Civil Action No. 7:21-cv-00518

By: Elizabeth K. Dillon
United States District Judge

**MEMORANDUM OPINION**

In December 2016, plaintiff Technology Revelations, Inc. (TechRev) entered a subcontract with defendant Northrup Grumman Systems Corporation[1] (Northrup) to provide staffing support on a government project located in Melbourne, Florida. In 2020, defendant Peraton, Inc. took over Northrup's interest in the contract through acquisition. TechRev sued Northrup and Peraton alleging one count of breach of contract due to the removal of TechRev staff from the project. The case is before the court on defendants' motion to dismiss for improper venue or, in the alternative, to transfer venue and for failure to state a claim. (Dkt. No. 17.) The motion has been fully briefed and argued. For the reasons stated below, the court will grant the motion to transfer.

## I. BACKGROUND

### A. The Contract

In December 2016, TechRev entered a subcontract with Northrop to provide staffing

[1] TechRev sued Northrup Grumman Information Systems as a defendant in this action; however, it is not a legal entity. It is an accounting and business unit within Northrup Grumman Corporation. In their motion, defendants identified Northrup Grumman Systems Corporation, a subsidiary of Northrup Grumman Corporation, as the proper defendant. The court will direct the Clerk to correct the docket.

support on one of Northrup's government projects in Melbourne, Florida. (Compl. ¶ 1, Dkt. No. 4.) During 2020, Peraton became the successor-in-interest to Northrop on the subcontract by way of acquisition. (*Id.* ¶ 2.) TechRev agreed to provide high-skilled tech professionals on a time-and-materials basis from December 9, 2016, to January 31, 2017, with five subsequent "option periods." All five options periods were exercised, and the parties agreed to a sixth option period; these options extended the project to July 31, 2021. (*Id.* ¶¶ 3–5.)

From inception of the contract until April 2020, TechRev professionals provided over 30,000 hours and $3,750,000 of work without incident or complaint, mostly in remote work locations. (*Id.* ¶¶ 7–8.) TechRev alleges in April 2020, shortly after the onset of the COVID-19 pandemic, Peraton started to require a TechRev professional to be onsite at the project without justification and in violation of governing documents. (*Id.* ¶ 11.) Later, after TechRev notified Peraton that it would not continue their partnership on an upcoming rebid of the project, Peraton allegedly started to act in bad faith. (*Id.* ¶ 12.) For example, TechRev alleges Peraton violated a non-solicitation clause by offering employment to a TechRev professional mid-contract and Peraton "began a systematic purging of TechRev personnel from the project." (*Id.*)

The contract between TechRev and defendants allows Peraton to remove TechRev professionals due to a "willful or negligent act…which results in the loss or compromise of classified information, or in the event of repeated violations of the security procedures by an individual, or if an employee of [TechRev] continues to have a poor or substandard job performance for thirty (30) calendar days following discussion of same with [TechRev] management." (*Id.* ¶ 17.) Further, the contract provides removal when "performance or conduct is deemed unacceptable, including but not limited to: misuse of Northrup Grumman or Customer computer systems or equipment; unethical behavior; a violation of any law, regulation, or

contract requirement; behavior that poses a security risk for the Customer." (*Id.* ¶ 18.) TechRev alleges none of these grounds was established in any of the cases of removal, the work provided by their professionals was exceptional, and Peraton never gave any indication of dissatisfaction with their work. (*Id.* ¶ 19.)

TechRev alleges that "Defendants breached their contractual obligation by failing or refusing to uphold their obligations to the Contract despite their acceptance of Plaintiff's services." (*Id.* ¶ 24.) Further, the material breach of the contract included Peraton's removal and refusal of "pre-approved" professionals, particularly after TechRev's notice that it would not seek to continue the partnership with Peraton, and despite this obstruction, Peraton expected TechRev to continue to uphold its contract obligations. TechRev alleges that Peraton breached the implied covenant of good faith and fair dealing.

**B. Venue Facts**

TechRev is a Florida corporation with its principal place of business in Melbourne, Florida. (*Id.* ¶ 1.) Peraton is a Maryland corporation with its principal place of business in Herndon, Virginia, and Northrup is a Delaware corporation with its principal place of business in Falls Church, Virginia. (Jessee Decl. ¶¶ 3, 9, Dkt. No. 18-1). Herndon and Falls Church are within the Eastern District of Virginia. TechRev and Northrup executed the contract in Chantilly, Virginia, which is also in the Eastern District of Virginia. (*Id.* ¶ 5.) TechRev provided services pursuant to the contract in Melbourne, Florida. (*Id.* ¶ 12.) The personnel managing the subcontract for defendants are in the Eastern District of Virginia or Florida. (*Id.* ¶ 13.)

The subcontract states, "Any legal action shall be brought in a court of competent jurisdiction in Virginia." (Subcontract Clause 43, Pl.'s Ex. A 31, Dkt. No. 4-1.) And in another clause it states, "Any litigation shall be brought and jurisdiction and venue shall be proper only in a state or federal district court in the Commonwealth of Virginia." (Subcontract Clause 28(a), Pl.'s Ex. A 27, Dkt. No. 4-1.)

## II. DISCUSSION

Defendants move to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Alternatively, defendants move to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendants argue that the Western District of Virginia does not satisfy any of the possible avenues to establish venue provided by the general venue statute, 28 U.S.C. § 1391. At the hearing, TechRev conceded that venue is not proper in the Western District of Virginia looking solely to 28 U.S.C. § 1391; however, TechRev argues that the forum-selection clause makes venue proper in this district.

### A. Legal Standards

In *Atlantic Marine Construction Co. Inc. v. United States District Court for the Western District of Texas*, the Supreme Court held that whether venue is "improper" depends exclusively on whether the court in which the case was brought satisfies requirements of federal venue laws, irrespective of any forum-selection clause that may apply in the case. 571 U.S. 49, 57 (2013); *see also Devil's Advoc., LLC v. Grynberg Petroleum Co.*, 588 F. App'x 264 (4th Cir. 2014) ("Whether venue is ... 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of" § 1391(b); a forum selection clause has no effect on the inquiry."). Rather, the appropriate vehicle to enforce a forum-selection clause is through a motion to transfer under § 1404(a). *Atl. Marine*, 571 U.S. at 59.

Section 1391(b) provides that venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For a corporation residing in a state with multiple judicial districts, each judicial district is treated as if it were a separate state, and corporations are deemed to reside in any district "within which its contacts would be sufficient to subject it to personal jurisdiction." 28 U.S.C. § 1391(d). Sections 1404 and 1406 allow for a case to be transferred to another district or dismissed, depending on whether venue is proper or improper in the original venue. 28 U.S.C. §§ 1404, 1406. Under either section, a court's decision is guided by the "interest of justice." *Id.*

**B. Defendants' Motion to Dismiss for Improper Venue**

At the hearing, TechRev conceded that venue is not statutorily proper in the Western District of Virginia; for venue purposes, defendants are properly viewed to reside in the Eastern District of Virginia. Nonetheless, TechRev argues that the defendants waived any objection to venue by agreeing to the forum-selection clause, which provides for venue in Virginia generally. Thus, the pertinent question in this case is whether a forum selection clause can provide a substitute for the requirements of section 1391.

TechRev's argument that defendants waived objections to venue through the forum-selection clause is misplaced. Undoubtedly, venue is a privilege that a party may waive. *Peck v. United States Dep't of Lab., Admin. Rev. Bd.*, 996 F.3d 224, 228 (4th Cir. 2021). But the cases cited by TechRev in support of its argument are distinguishable. In both cases cited by TechRev,

the party objecting to venue had *expressly* consented to venue or waived any objection. In one, an employment contract explicitly provided that the employee "consent[ed] to personal jurisdiction and venue" in the selected forum. *Howmedica Osteonics Corp. v. Howard*, Civil Action No. 19-19254 (SDW) (LDW), 2020 WL 1102494, at *1 (D.N.J. Jan. 17, 2020), *report and recommendation adopted*, No. 19-19254 (SDW) (LDW), 2020 WL 1082601 (D.N.J. Mar. 5, 2020). In the other, the contract clause was titled "Consent to Jurisdiction and Venue," and provided that the party "irrevocably consent[ed]" and "waive[d] any objection" to venue in the selected forum. *Servpro Indus., Inc. v. JP Penn Restoration Servs.*, No. 3-16-0298, 2016 WL 5109947, at *1 (M.D. Tenn. Sept. 20, 2016). There is no explicit consent to venue or waiver to objections to venue in the forum-selection clauses at issue in this case.

*Atlantic Marine* makes clear that "[w]hether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Atl. Marine*, 571 U.S. at 56. "Venue 'is a procedural matter that is governed by federal rule and statutes.'" *WCC Cable, Inc. v. G4S Tech. LLC*, No. 5:17-CV-00052, 2017 WL 6503142, at *6 (W.D. Va. Dec. 15, 2017) (quoting *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 650 (4th Cir. 2010)). TechRev "conflates the relevance of a forum-selection clause to Section 1391(b) . . . with the relevance of a forum-selection clause to Section 1404(a)." *Id.* at *7. If this court applied TechRev's argument that a valid forum-selection clause, without consent or waiver to venue, obviates the requirements of section 1391, it would be allowing "precisely what *Atlantic Marine* prohibits." *G4S Tech., LLC v. WCC Cable, Inc.*, No. 8:17CV182, 2017 WL 4564726, at *3 (D. Neb. Oct. 10, 2017). Instead, in accordance with *Atlantic Marine*, the court finds that a forum-selection clause, absent consent or waiver, does not independently establish venue. *Howmedica Osteonics Corp. v. DJO Glob.,*

*Inc.*, No. CV 16-2330, 2017 WL 1136671, at *4 (D.N.J. Mar. 27, 2017) (declined to follow by *Howmedica Osteonics Corp. v. Howard*, 2020 WL 1102494, at *5, for other reasons). Thus, as conceded by TechRev, venue is improper in the Western District of Virginia.

***

Given the court's finding that venue is improper in this district, the court must decide whether to dismiss this matter or to transfer to the proper venue. 28 U.S.C. § 1406(a). The court finds that it is more efficient to transfer this case to the appropriate venue. This matter has been pending for a year, and there would be no prejudice to either party in ordering a transfer. *See King v. Caliber Home Loans, Inc.*, 210 F. Supp. 3d 130, 137 (D.D.C. 2016) (transferring rather than dismissing case where the complaint "has been pending in this Court for a substantial period of time . . . there would be no prejudice to either party in ordering a transfer . . . [and] it would be more efficient and economical to transfer the case . . . ."); *Wright v. Zacky & Sons Poultry, LLC*, 105 F. Supp. 3d 531, 542 (M.D.N.C. 2015) (transferring to proper venue and noting that "[d]istrict courts when analyzing § 1406(a) . . . are likely to order transfer rather than dismissal if it would be more efficient or economical") (quoting 14D Wright & Miller, Fed. Practice & Procedure §3827 (4th ed. 2013). Therefore, in the interests of justice, the court will transfer this matter to the Eastern District of Virginia.

## III. CONCLUSION

For the reasons stated above, the court will grant defendants' motion to transfer. (Dkt. No. 17.) The court will issue an appropriate order.

Entered: September 30, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge